UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DOUGLAS CRAIG CLEATH,

Petitioner,

v.

STATE OF MINNESOTA,

Respondent.

Civil File No. 00-849 (RHK/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's Application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the Petition for Writ of Habeas Corpus be SUMMARILY DISMISSED pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

On August 27, 1998, Petitioner enter a guilty plea on a murder charge in the state district court for Itasca County, Minnesota.[2] He was sentenced to 150 months in state prison, and he is presently serving his sentence at the Minnesota Correctional Facility at Faribault, Minnesota.

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

[2] Petitioner has not disclosed the true nature of his murder conviction in his petition. He states: "I plea [sic] guilty to felony murder unintentional, and not guilty to 2nd degree murder, afterwards they wrongfully charge me with 2nd degree murder." (Petition, [Docket No. 1], p. (2), § 5.(c).)

FILED 4/13/00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Petitioner did not file any direct appeal following his conviction and sentence. (Petition, pp. (2)-(3), §§ 8 and 9.) It is unclear whether Petitioner ever filed any motion seeking post-conviction relief in the state courts. His petition vaguely alludes to a post-conviction proceeding in Itasca County, but it provides no meaningful information about the nature of that proceeding, (if there was one).[3] (Petition, p. (4), § 11.(b).) It is clear, however, that if any state post-conviction motion was filed, Petitioner did not appeal the trial court's rulings (if any) on such motion. (Petition, p. (4), § 11.(c).)

On April 5, 2000, Petitioner filed his current application for federal habeas corpus relief under 28 U.S.C. § 2254. Although the factual and legal bases for his present claims are not well-explained, it appears Petitioner is contending that (i) he was deprived of his Sixth Amendment right to effective assistance of counsel; (ii) his conviction was obtained in violation of the constitutional prohibition against double jeopardy; and (iii) he was deprived of his rights under the Fifth Amendment, because his conviction was based on a "coerced confession." The Court finds, however, that none of Petitioner's present claims for relief has been fairly presented to, or decided on the merits by, any Minnesota appellate court. It will therefore be recommended that the instant petition be dismissed for non-exhaustion of state court remedies.

**II. DISCUSSION**

It is well established that a federal court may not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all

[3] In the section of the petition form that calls for a description of the grounds raised in state post-conviction proceedings, Petitioner has answered "none." (Petition, p. (4), § 11.(b)(3).)

available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 119 S.Ct. at 1731; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a prisoner must fairly present all of his constitutional claims to the highest available state court before seeking relief in federal court. O'Sullivan, supra; Duncan, supra; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). Because federal courts will not entertain habeas petitions that contain unexhausted claims, such petitions are subject to summary dismissal under Rule 4.

In this case, it is readily apparent that Petitioner has not satisfied the exhaustion of state court remedies requirement. As previously noted, it is not clear from the present record whether any of Petitioner's current claims for relief have been raised in any state post-conviction proceedings. (Petition, p. (4), § 11.(b).) However, even if Petitioner did raise some or all of his current claims in a post-conviction motion, he still has not satisfied the exhaustion requirement, because he has never presented any claims to any Minnesota appellate court -- either on direct appeal, or in a post-conviction proceeding. (Petition, p.

(3), § 9.(a); p. (4), § 11.(c).)[4] "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 119 S.Ct. at 1732, (emphasis added). Because it clearly appears on the face of the petition that Petitioner has not raised any of his current claims for relief in any Minnesota appellate court, this Court concludes that he has not satisfied the exhaustion of state remedies requirement. His present federal habeas corpus petition must therefore be summarily dismissed for non-exhaustion.

The Court cannot determine, based on the limited information provided in the petition, whether there are any remedies still available under Minnesota state law for the claims that Petitioner is presently attempting to raise. The Court will therefore give Petitioner the benefit of the doubt, and recommend that his petition be dismissed without prejudice. That will allow Petitioner to return to the state courts and attempt to exhaust the claims that he has tried to present here. After exhausting his state court remedies, Petitioner can return to federal court, (if necessary), with a new habeas corpus petition. He must bear in mind, however, that the federal court will entertain only those constitutional claims that have previously been fairly presented to, and decided on the

---

[4] The Court notes that Minnesota law expressly provides for appellate review in post-conviction proceedings. Minn.Stat. § 590.06. See also Minn.R.App.P. Rule 117 (providing for discretionary review by the Minnesota Supreme Court).

merits by, the Minnesota Supreme Court.[5]

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

Petitioner's application for a Writ of Habeas Corpus, (Docket No. 1), be **DISMISSED WITHOUT PREJUDICE.**

DATED: April 13, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by April 20, 2000, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[5] If Petitioner does hereafter attempt to exhaust his state court remedies, he should be mindful of two important matters. First, he will have to convince the state courts to decide his claims on the merits. If the state courts dismiss his claims because of procedural flaws, without addressing the substantive legal issues presented, Petitioner will be barred from seeking federal habeas corpus relief under the doctrine of procedural default. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Second, he will have to be mindful of the one-year statute of limitations for federal habeas corpus petitions. 28 U.S.C. § 2244(d). The Court cannot presently anticipate how some future federal habeas corpus proceeding might be affected by the statute of limitations, but timeliness will undoubtedly be an issue in any such proceeding.